UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SHEILA T. POWELL,

                              Plaintiff,                      **MEMORANDUM & ORDER**
                                                                                              15-CV-2162 (MKB)

                                v.

MONARCH RECOVERY MANAGEMENT, INC.
and PROSPER MARKETPLACE, INC.,

                              Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Sheila T. Powell brings the above-captioned action against Defendants Monarch Recovery Management, Inc. ("Monarch") and Prosper Marketplace, Inc. ("Prosper"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). (Compl. ¶¶ 12–13, Docket Entry No. 1.) On May 18, 2015, Prosper moved to dismiss the Complaint for improper venue and failure to state a claim. (Prosper Mot. to Dismiss ("Prosper Mot."), Docket Entry No. 5.) On July 6, 2015, Monarch answered the Complaint, and subsequently filed an Amended Answer.[1] (Monarch Ans., Docket Entry No. 10; Monarch Am. Ans., Docket Entry No. 14.) On July 30, 2015, Monarch also moved to dismiss the Complaint for improper venue or, in the alternative, to transfer the action pursuant to 28 U.S.C. § 1404(a).[2] (Monarch Mot. to Dismiss

---

      [1] On July 6, 2015, Plaintiff moved to strike Monarch's initial Answer as untimely. (Docket Entry No. 12.) The Court denied this motion on the record at the July 17, 2015 conference on Defendants' motions to dismiss. (July 17, 2015 Minute Entry.)

      [2] At the July 17, 2015 conference, the Court directed Defendants to brief only the issue of venue. (July 17, 2015 Minute Entry.) The Court accepted the venue arguments in Prosper's

("Monarch Mot."), Docket Entry No. 15.) On August 16, 2015, Plaintiff moved for sanctions against Monarch based on statements contained in its Answer . (Pl. Mot. for Sanctions ("Pl. Sanctions Mot."), Docket Entry No. 17.) For the reasons discussed below, the Court dismisses the action and denies Plaintiff's motion for sanctions.

I. Background

The following allegations are accepted as true for purposes of this motion. Plaintiff, a resident of Washington D.C.,[3] alleges that Monarch, a Pennsylvania corporation, and Prosper, a Delaware corporation, are debt collectors who collect debt from consumers by mail and telephone. (Compl. ¶¶ 4–7.) At some unspecified time, Defendants attempted to collect a consumer debt from Plaintiff. (*Id.* ¶ 9.) At some point, Monarch learned that Plaintiff was represented by counsel, but "on numerous occasions after [Defendants] were aware that [Plaintiff] was represented by counsel," they continued to directly communicate with Plaintiff regarding the consumer debt. (*Id.* ¶ 11.) According to Plaintiff, Defendants conduct was "intentional, willful, frequent, and persistent." (*Id.* ¶ 12.)

II. Discussion

a. Standard of review

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "improper venue." Fed. R. Civ. P. 12(b)(3). In reviewing a Rule 12(b)(3) motion to dismiss, "[t]he legal standard . . . is the same as a motion to dismiss for lack

---

May 18, 2015 motion to dismiss and directed Monarch to file its motion to dismiss for improper venue. (*Id.*)

[3] Plaintiff fails to specify her domicile in the Complaint, but the parties represented to the Court that Plaintiff currently resides in Washington D.C. The Court accepts that representation for purposes of this motion.

of personal jurisdiction." *Brown v. Web.com Grp., Inc.*, 57 F. Supp. 3d 345, 353 (S.D.N.Y. 2014) (citation omitted) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)), *appeal dismissed* (Mar. 13, 2015); *see Gulf Ins. Co.*, 417 F.3d at 355 (applying the Rule 12(b)(2) standard of review for dismissal for lack of personal jurisdiction to Rule 12(b)(3) dismissal for improper venue). To survive a Rule 12(b)(3) motion to dismiss, "the plaintiff has the burden of establishing that it has chosen the proper venue." *Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 12-CV-2790, 2014 WL 201502, at *3 (E.D.N.Y. Jan. 16, 2014) (quoting *Jackson v. Am. Brokers Conduit*, No. 09-CV-6045, 2010 WL 2034508, at *1 (S.D.N.Y. May 13, 2010)). "[Where] the court chooses to rely on pleadings and affidavits, the plaintiff need only make a *prima facie* showing of [venue]." *Gulf Ins. Co.*, 417 F.3d at 355 (second alteration in original) (quoting *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)).

"In analyzing whether the plaintiff has made the requisite prima facie showing that venue is proper, [courts] view all the facts in a light most favorable to plaintiff." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 720 (2d Cir. 2013) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007)). Where a plaintiff fails to make a prima facie showing that venue is proper, 28 U.S.C. § 1406 requires that the court to "dismiss an action brought in the wrong venue 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011) (quoting 28 U.S.C. § 1406(a)). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (citation omitted).

b. **Venue is not proper in the Eastern District of New York**

Defendants move to dismiss the Complaint as improperly venued in the Eastern District

3

of New York.  (Prosper Mot. 3; Monarch Mot. 2–5.)  Defendants argue that none of the parties resides in New York State, nor did any of the conduct at issue occur in New York State.  (Prosper Mot. 3; Monarch Mot. 2–3.)  Monarch asserts that because Plaintiff fails to plausibly allege that Defendants regularly conduct business in New York State, the Court cannot exercise personal jurisdiction over Defendants for purposes of establishing venue.  (Monarch Mot. 4.)  Plaintiff concedes that none of the underlying conduct occurred in the Eastern District of New York, or in New York State, but alleges that venue is proper pursuant to 28 U.S.C. § 1391(b)(1), which provides for venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1); (Compl. ¶ 2; Pl. Mem. in Opp'n to Defs. Mots. to Dismiss ("Pl. Opp'n") 2, Docket Entry No. 16.)  According to Plaintiff, because Defendants failed to timely assert that the Court lacked personal jurisdiction, they are now subject to personal jurisdiction in this Court and are considered residents of New York State pursuant to 18 U.S.C. § 1391(c), which makes venue proper in the Eastern District of New York pursuant to 18 U.S.C. § 1391(b)(1).  (Pl. Opp'n 2.)  In response, Monarch contends that Plaintiff conflates the issues of venue and personal jurisdiction and argues that Plaintiff could have brought this action in a judicial district in which a substantial part of the events occurred.  (Monarch Reply to Pl. Opp'n ("Monarch Reply") 1–2, Docket Entry No. 24.)

   Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  Where the defendant is a corporate entity, it "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  "[F]or purposes of venue," where a corporate defendant is sued in a state with more than one judicial

district, and in which a corporate defendant "is subject to personal jurisdiction at the time an action is commenced," the corporation:

> shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

A central issue raised by Plaintiff's argument is whether, for purposes of determining corporate residency under section 1391, courts consider the existence of personal jurisdiction over a defendant corporation (1) at the time the action was commenced or (2) at the time venue is disputed. Implicit in Plaintiff's argument that Defendants' purported waiver has established personal jurisdiction is that the Court assesses personal jurisdiction at the time venue is disputed rather that at the commencement of the action. As discussed below, based on the language of the venue statute, the Court concludes that it is required to assess personal jurisdiction over Defendants at the time Plaintiff commenced this action irrespective of any purported subsequent waiver.

    **i.   The Court assesses personal jurisdiction over Defendants at the commencement of this action**

In 2011, Congress amended 28 U.S.C. § 1391, including the statute's corporate residency provisions. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011). In particular, the amendments altered the language of 1391(c)(2) concerning personal jurisdiction for purposes of determining corporate residency. Prior to the 2011 amendments, 1391(c)(2) referred to personal jurisdiction "at the time the action is commenced." 28 U.S.C. § 1391(c)(2) (Nov. 2, 2002). After the 2011 amendments, 1391(c)(2) was amended to refer generally to whether the corporation is "subject to personal jurisdiction

5

with respect to the civil action in question." 28 U.S.C. § 1391(c)(2) (Dec. 7, 2011); *see* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3811.1 (4th ed.) (discussing changes to section 1391's corporate residency provisions). The effect of this change in the language is unclear. *See* Wright & Miller, *supra*, § 3811.1 ("The more problematic point is whether the linguistic change in focus — from personal jurisdiction 'at the time the action is commenced' to personal jurisdiction 'with respect to the civil action in question' — works a change in the law. The legislative history is unhelpful and there is as yet no meaningful case law on the issue."). Critically, despite the changes to the language of section 1391(c)(2) for assessing personal jurisdiction over a corporate defendant, section 1391(d), which addresses assessing corporate residency in states with multiple judicial districts, continues to require courts to assess personal jurisdiction over a corporate defendant "at the time the action is commenced." 28 U.S.C. § 1391(d) ("For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced . . . ."); Wright & Miller, *supra*, § 3811.1 ("[V]exingly, in assessing whether a corporation is subject to personal jurisdiction, Section 1391(d) continues to refer to personal jurisdiction 'at the time an action is commenced.'").

Before the 2011 amendments, courts took different approaches to determining whether there was venue based on a corporate defendant's alleged waiver of personal jurisdiction, with some courts rejecting any argument that a waiver necessarily established venue. *Compare DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 19 (D.D.C. 2002) (finding that the court had personal jurisdiction after a separate assessment of jurisdiction, and rejecting the waiver argument, noting that the court "does not have venue simply by virtue of this waiver and must make a separate inquiry into whether personal jurisdiction exists [for purposes of venue]"); *and*

*Wine Markets Int'l, Inc. v. Bass*, 939 F. Supp. 178, 180 (E.D.N.Y. 1996) (holding that the "[c]ourt should assess the situation as it existed when the complaint was filed, irrespective of subsequent consent or waiver") *with Frederick Goldman, Inc. v. Commemorative Brands, Inc.*, No. 04-CV-1100, 2004 WL 954692, at *1 (S.D.N.Y. May 5, 2004) (finding defendant's failure to object to personal jurisdiction despite the plaintiff's allegations of jurisdiction constituted a waiver, and made defendant a resident for purposes of 18 U.S.C. § 1391(b)(1)); *and Burrell v. State Farm Fire & Cas. Co.*, No. 00-CV-5733, 2001 WL 797461, at *4 (S.D.N.Y. July 12, 2001) (holding that in the absence of the defendants' arguments that there was no personal jurisdiction, the court "cannot conclude at this stage of the proceedings that the Southern District of New York is an improper venue for this case").

Since the 2011 amendments, at least one court faced with a waiver argument has held that courts should assess personal jurisdiction at the time the action was commenced. In *Rankel v. Kabateck*, No. 12-CV-216, 2013 WL 7161687 (S.D.N.Y. Dec. 9, 2013), *appeal dismissed* (May 15, 2014), a corporate defendant moved to dismiss the action arguing that venue was improper under 28 U.S.C. § 1391(b)(1) because the defendant was not a resident of New York State. *Id.* at *3–4. The plaintiff argued that because the defendant failed to move to dismiss for lack of personal jurisdiction, the defendant waived any objection and the court could exercise personal jurisdiction over the defendant and thus venue was proper. *Id.* Citing the amended language of section 1391(d), the court held that it should assess personal jurisdiction at the time the action was commenced. *Id.* at *3. Ultimately, the court did not reach the issue of personal jurisdiction because it was undisputed that one of the defendants was not a New York resident and thus section 1391(c)(2) was inapplicable as all corporate defendants must be residents of the same state for purposes of asserting venue pursuant to section 1391(c)(2). *Id.* at *4.

7

The Court is persuaded that the correct approach for assessing venue under section 1391, given the language of section 1391(d), is to determine whether personal jurisdiction over Defendants existed at the time Plaintiff commenced this action, independent of any purported subsequent waiver. Assessing personal jurisdiction at the time Plaintiff commenced this action gives effect to the language of section 1391(d), which explicitly applies to cases where, as here, a corporate defendant is sued in a state with multiple judicial districts. 28 U.S.C. § 1391(d) ("For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced . . . ."); *Rankel*, 2013 WL 7161687, at *3 ("[T]he existence of venue should be analyzed as of the time of filing, without regard to whether a [corporate] defendant may waive a defense based on lack of personal jurisdiction by virtue of its conduct during litigation." (quoting *Bell v. Classic Auto Grp., Inc.*, No. 04-CV-0693, 2005 WL 659196, at *5 (S.D.N.Y. Mar. 21, 2005))).

Accordingly, the Court assesses whether, at the time Plaintiff commenced this action, Plaintiff established personal jurisdiction over Defendants for purposes of venue.

### ii. Plaintiff has not established that the Court may exercise personal jurisdiction over Defendants

In assessing personal jurisdiction over a defendant, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). At the pre-discovery stage, the plaintiff must make this prima facie showing through "an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." *Id.* (quoting *Ball*, 902 F.3d at 197); *see MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). "A prima facie case

[of personal jurisdiction] requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) (citing *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).

"Determining personal jurisdiction over a foreign defendant in a federal-question case such as this requires a two-step inquiry." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013). First, the court looks to the law of the forum state to determine if personal jurisdiction exists under the laws of that state. *Id.* (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007)). Next, the court determines whether the exercise of personal jurisdiction over the defendant would comport with the Due Process Clause of the United States Constitution. *Id.* (first citing *Best Van Lines*, 490 F.3d at 242; and then citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Here, the Court looks to New York law, which provides for the exercise of general or specific jurisdiction over individuals or entities. N.Y. C.P.L.R. § 301 (conferring general jurisdiction); *id.* § 302 (conferring specific jurisdiction).

### 1. New York general jurisdiction

To establish general jurisdiction over a foreign corporation, "a plaintiff must set forth facts of a 'continuous and systematic course of doing business' in New York that 'warrant[s] a finding of [the corporation's] presence' in the state." *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 (2d Cir. 2014) (first alteration in original) (quoting *Laufer v. Ostrow*, 55 N.Y.2d 305, 309–10 (1982)); *Chirag*, 604 F. App'x at 19 ("[D]efendants' activities within the forum must be of a 'continuous and systematic nature,' such that the defendant 'should reasonably anticipate being haled into court there.'" (internal citations and

second-level quotation marks omitted) (first quoting *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984); and then quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985))). *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) ("[G]eneral jurisdiction exists only when a corporation's contacts with a state are so continuous and systematic as to render it essentially at home in the forum State." (citations and internal quotation marks omitted)).

Here, Plaintiff's sole allegation as to Defendants' conduct within New York State is that "Defendants, and each of them, regularly conduct business in this judicial district." (Compl. ¶ 7.) This conclusory assertion is insufficient to establish general personal jurisdiction over Defendants. *See Enderby v. Secrets Maroma Beach Riviera Cancun*, No. 10-CV-1015, 2011 WL 6010224, at *10 (E.D.N.Y. Dec. 1, 2011) ("[C]onclusory non-fact[-]specific jurisdictional allegations . . . are insufficient to establish even a *prima facie* showing of personal jurisdiction under § 301." (third alteration in original)); *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 417 (S.D.N.Y. 2010) ("[C]onclusory allegations are not enough to establish personal jurisdiction."). This single allegation provides no facts from which the Court could determine the nature of each Defendant's contacts with New York State, or that they are "'so continuous and systematic' as to render [each Defendant] essentially at home in the forum State." *Sonera*, 750 F.3d at 225.

### 2. New York specific jurisdiction

While general jurisdiction relates to a party's contacts with the forum, specific jurisdiction is "conduct-linked jurisdiction," and "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." *Id.* (alteration in original). This

specific jurisdiction exists pursuant to New York's long-arm statute, which provides, in pertinent part:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state . . . .

N.Y. C.P.L.R. § 302(a)(1).[4] This provision has two prongs: (1) "[t]he defendant must have transacted business within the state," either itself or through an agent, and (2) "the claim asserted must arise from that business activity." *Licci*, 732 F.3d at 168 (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)); *Best Van Lines*, 490 F.3d at 246–47; *Moore v. Publicis Group SA*, No. 11-CV-1279, 2012 WL 6082454, at *7–8 (S.D.N.Y. 2012) (citing *Solé*, 450 F.3d at 103) (finding that plaintiff presented sufficient evidence to support exercise of jurisdiction, pursuant to N.Y. C.P.L.R. § 302(a)(1), over foreign parent corporation of plaintiff's direct employer in employment discrimination action).

"When analyzing jurisdiction under the transacts business clause, courts examine 'the totality of the defendant's activities within the forum' in order to determine if the defendant's 'transacted business' can be considered purposeful." *Levans v. Delta Airlines, Inc.*, 988 F. Supp. 2d 330, 335 (E.D.N.Y. 2013) (quoting *Sterling Nat'l Bank & Trust Co. of N.Y. v. Fidelity Mortg. Investors*, 510 F.2d 870, 873 (2d Cir. 1975)). However, a plaintiff's conclusory allegations of transacting business are insufficient. *See Chirag*, 604 F. App'x at 19 ("A prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place."); *Doe v. Del. State Police*, 939 F. Supp. 2d

---

[4] The other provisions of New York's long-arm statute are inapplicable here, as there are no allegations that Defendants committed a tortious act that (1) occurred within New York State (2) occurred outside New York State but caused injury to a person or property within the State or (4) owns, uses or possess real property in New York State. N.Y. C.P.L.R. § 301(a)(2)–(4).

11

313, 332 (S.D.N.Y. 2013) ("[C]ourts have regularly held that a plaintiff asserting jurisdiction must tender *specific* allegations about the defendant's contacts with the forum state." (collecting cases)); *Virgin Enters. Ltd. v. Virgin Eyes LAC*, No. 08-CV-8564, 2009 WL 3241529, at *6 (S.D.N.Y. Sept. 30, 2009) ("Plaintiff's conclusory allegation that 'defendants regularly solicit business in the State of New York by means of a deceptively named, VIRGIN EYES 'pay-per-click' online retailing and advertising business that falsely suggests or implies a connection, association, or affiliation with VEL,' is insufficient to confer jurisdiction."); *Maggi v. Women's Coll. Hosp.*, No. 03-CV-0768, 2007 WL 841765, at *2 (N.D.N.Y. Mar. 19, 2007) ("Plaintiff's conclusory statement that the hospital 'contracts business within New York' is insufficient to find that the hospital transacts business in New York.").

Here, as stated above, Plaintiff's only allegation as to Defendants' contact with New York State is that "Defendants, and each of them, regularly conduct business in this judicial district." (Compl. ¶ 7.) Aside from this conclusory assertion, Plaintiff alleges no facts as to the nature of Defendants' purported business within New York. This is insufficient to plausibly allege personal jurisdiction over Defendants under New York's long-arm statute. *See Doe*, 939 F. Supp. 2d at 332 ("[C]ourts have regularly held that a plaintiff asserting jurisdiction must tender *specific* allegations about the defendant's contacts with the forum state." (collecting cases)); *Virgin Enters. Ltd.*, 2009 WL 3241529, at *6.

Because the Court has determined that it lacks both general and specific personal jurisdiction over Defendants, venue is not proper pursuant to 28 U.S.C. § 1391(b)(1).

    **c.   Transfer under 28 U.S.C. § 1406(a) is not warranted**

Under 28 U.S.C. § 1406(a), where an action is subject to dismissal as improperly venued, the Court must decide whether to dismiss the action or, if it is in the interest of justice, to transfer

the action to a venue "in which it could have been brought." 28 U.S.C. § 1406(a). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Courts have declined to transfer cases where, among other reasons, transfer would reward the plaintiff's failure to exercise diligence in choosing a forum or the plaintiff's knowing choice of an improper forum. *See Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) (affirming denial of transfer under § 1406(a) where "allowing a transfer . . . would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice"); *Japan Press Serv., Inc. v. Japan Press Serv., Inc.*, No. 11-CV-5875, 2013 WL 80181, at *15 (E.D.N.Y. Jan. 2, 2013) (finding transfer would not be in the interest of justice where "plaintiff should have known that New York was not a proper forum within which to bring an action against a Hawaii corporation which prints, publishes and distributes a newspaper only in Hawaii"); *Wolf v. AVX Corp.*, No. 08-CV-934, 2008 WL 2695092, at *3 (S.D.N.Y. June 27, 2008) ("[W]ithout a compelling reason to preserve the action or a clear venue to which to transfer it, this Court dismisses the action."); *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 667 (S.D.N.Y. 2005) ("Section 1406 should not be a panacea for lawyers who bring suits in jurisdictions where they know or should know that they do not belong.").

The Court finds that transferring venue under section 1406(a) is not in the interests of justice and dismisses the action. Reviewing the Complaint's single page of conclusory allegations reveals that Plaintiff made no effort to apply the straightforward venue provisions or, at a minimum, plead facts upon which this Court, or any other court, could determine whether venue was proper. *See World Skating Fed'n*, 357 F. Supp. 2d at 666 (stating that it was unclear

13

if either of the districts proposed by Plaintiff could exercise personal jurisdiction over the action and because "such a determination is best left to the courts in those jurisdictions, this Court will not transfer this action"). Indeed, Plaintiff's arguments in opposition to Defendants' motions concede that venue was not proper at the initiation of this litigation, arguing only that Defendants waived personal jurisdiction after she initiated this action and thus rendered venue proper. (Pl. Opp'n 2.) Apart from the bare allegation that Defendants' transact business in this District, the only connection to New York State appears to be counsel's Manhattan law office. To grant a transfer under these circumstances "would reward [P]laintiff[] for [a] lack of diligence in choosing a proper forum and thus would not be in the interest of justice." *Spar*, 956 F.2d at 394.

The Court acknowledges the need to avoid causing Plaintiff undue prejudice in dismissing rather than transferring the case. Plaintiff's FDCPA claim is subject to a one-year statute of limitations. *See Benzemann v. Citibank N.A.*, 806 F.3d 98, 99 (2d Cir. 2015) ("[P]laintiffs must file suit 'within one year from the date on which the violation occurs.'" (quoting 15 U.S.C. § 1692k(d))). Plaintiff's FCRA claim "must be brought 'not later than the earlier of — (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.'" *Trans Union LLC v. Lindor*, 393 F. App'x 786, 788 (2d Cir. 2010) (quoting 15 U.S.C. § 1681p). However, Plaintiff's sparse allegations in the Complaint preclude any detailed assessment of potential statute of limitations concerns as it fails to identify any time period in which the underlying conduct occurred. In addition, in opposing Defendants' motions to dismiss, Plaintiff does not assert that any prejudice would result from dismissal rather than transfer.

Accordingly, the Court declines to exercise its discretion to transfer this action and

dismisses the action without prejudice.[5]

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motions to dismiss this action as improperly venued and dismisses Plaintiff's action without prejudice.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: January 22, 2016
       Brooklyn, New York

---

[5] In light of this dismissal, the Court also denies Plaintiff's motion for sanctions as moot.